**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ARA BABAYAN, HELEN BABAYAN, LILIAN BABAYAN, and LEONARD BABAYAN, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 16-73903 <br><br> Agency Nos. A 075-682-516, A 095-448-718, A 095-448-719, A 095-448-720 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2019
Pasadena, California

Before: FARRIS, McKEOWN, and PARKER,** Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
** The Honorable Barrington D. Parker, United States Circuit Judge for the Second Circuit, sitting by designation.

1

Ara, Helen, Lilian, and Leonard Babayan petition for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying their claims for asylum and withholding of removal, as well as protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. Petitioners contend that they were and will be subjected to persecution and torture in Iran because they are Armenian Christians.

The IJ and the BIA determined that Petitioners' application for asylum was untimely because Petitioners failed to "demonstrate[] by clear and convincing evidence that the application [was] filed within 1 year after the date of [their] arrival in the United States," 8 U.S.C. § 1158(a)(2)(B). Although Petitioners did provide some colorable evidence of timeliness, we lack jurisdiction to review the BIA's determination because the petition presents a question of fact—namely, when Petitioners arrived in the United States—rather than a constitutional claim or a question of law, and such questions of fact are not reviewable. *See id.* §§ 1158(a)(3), 1252(a)(2)(D). The petition is dismissed to the extent it challenges the IJ and the BIA's determination that the asylum application was untimely.

---

[1] Because all Petitioners share the last name "Babayan," we refer to them individually by their first names.

2

The Babayans also sought withholding of removal and protection under the Convention Against Torture. In his testimony to the IJ, Ara detailed alleged oppression in Iran, including imprisonment, threats against his family, beatings by the police, and punishment by lashes. Ara also testified that this oppression began when he refused to convert to Islam and continued until his family paid for his release from prison. Petitioners produced some documentary evidence of this mistreatment.

Notwithstanding this testimony, the IJ and the BIA determined that Ara did not testify credibly. We conclude that this determination is supported by substantial evidence. *See Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). Several discrepancies existed in the timeline underlying Ara's testimony. For example, his testimony on one occasion placed him outside prison on a date on which his written application indicated that he was in prison. He also presented conflicting accounts of his interactions with his neighbor Homa, whose complaint to the police, Ara alleged, triggered his persecution. Attempting to explain the conflicts, Ara claimed not to have reviewed his application before filing it, but the record shows otherwise. These and other inconsistencies, the IJ and the BIA concluded, went "to the heart of [Petitioners'] claim of persecution," *id.* (quoting *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003)). Additional inconsistencies

3

were less significant but when considered collectively, deprived Ara's testimony of the required "ring of truth" and constituted substantial evidence to sustain the BIA and the IJ's adverse credibility determination. *See id.* at 1088. This determination provided a basis to deny Petitioners' claims for withholding of removal and protection under the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

More specifically as to the CAT claim, although Petitioners presented objective country condition reports to the BIA, those reports were not presented to the IJ. Additionally, while the reports describe dire circumstances that sometimes confront Iranian Christians, they are general in nature and do not compel the conclusion that Petitioners themselves are more likely than not to be tortured upon removal. *See Shrestha v. Holder*, 590 F.3d 1034, 1048-49 (9th Cir. 2010). In any case, such reports do not require the BIA or IJ "to grant relief when [they] determine that] the applicant is not credible." *Almaghzar v. Gonzales*, 457 F.3d 915, 921-22 (9th Cir. 2006).

**PETITION DISMISSED IN PART AND DENIED IN PART.**